RAKOFF, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELECTRONICALLY FILED

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ENERGY BRANDS INC. d/b/a GLACÉAU,

    Plaintiff,

v.

NATIONAL BEVERAGE CORP.,

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 4909 (JSR)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-19-08

### STIPULATION AND AGREED ORDER
### FOR STAY OF PROCEEDINGS

The Parties to this Action having agreed to a stay of these proceedings up to and including September 15, 2008 so that they will have an opportunity to pursue settlement negotiations between them, and each party having agreed to the entry of this Stipulation and Order,

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel to the parties, AND IT IS HEREBY ORDERED as follows:

1. All matters in the within case shall be stayed to and including Monday, September 15, 2008.

2. During the period of such stay, the parties shall engage in settlement negotiations and/or mediation in a good faith attempt to resolve all issues in the above-captioned case and in the case captioned *National Beverage Corp. v. Energy Brands, Inc.*, No. 08-60792-CIV-ALTONAGA/BROWN, which is pending before the United States District Court for the

6/18/08
22756252v2

*The proposed stipulation and order are not acceptable and are hereby* **DENIED**

SO ORDERED
_____
JSDJ

Southern District of Florida (the "Florida Court") (together with this Action, the "Litigations"). Whether or not the parties elect to engage a mediator in such negotiations, the following terms shall apply to all negotiations, discussions, mediations, or other conversations during the stay period:

> All negotiations, discussions, conversations, written exchanges, meetings and proceedings of any mediation or other alternative dispute resolution conference (together, "Proceedings"), including statements made by any party, attorney, or other participant, are privileged in all respects. The Proceedings may not be reported, recorded, placed into evidence, made known to the trial court or jury, or construed for any purpose whatsoever, including but not limited to as an admission against interest. A party is not bound by anything said or done at the Proceedings unless a written settlement is reached, in which case only the terms of the settlement are binding. Nothing that occurs in the Proceedings shall be cited or disclosed to the Court, or used in any way to influence or impact any matters pending between the parties in the Litigations. In the event the stay period expires without a settlement having been reached, each party shall be returned to the position that it was in on the date of this Stipulation. In that event, this Stipulation and Order and any and all other filings with the Court shall not be cited by or referenced by either party in connection with the Motion to Dismiss pending in the Florida Court, except for briefs and pleadings specifically related to the Motion to Dismiss, nor shall the Court treat this Stipulation as any evidence of consent to venue or jurisdiction.

2

22756252v2

3. From the date hereof through the expiration of the stay, the parties agree to the following additional terms:

a. Neither party, including its officers, directors, employees, or any agents paid and controlled by the party, shall issue any formal oral or written communication, nor shall any of those individuals make any oral communications, to the press, media or any third-party distributor, wholesaler, or retail outlet, or other third-party entity that distributes, sells or otherwise deals in either party's products, that (i) includes any prediction or prognostication dealing with the outcome of the Litigations, or (ii) addresses the potential effects of the Litigations upon any products of either party that may be in the possession or control of any such distributor, wholesaler, or retail outlet ("Activities").

b. If any party, including its officers, directors, or headquarters employees, is approached by the media or any other third-party person or entity and questioned about the Litigations, the party or person shall respond that the parties are engaged in litigation and are not otherwise at liberty to discuss the dispute, or words to that effect.

c. Neither party will file any legal claim related to the Litigations in any United States court, agency, or administrative tribunal, nor will either party file any legal claim related to the Litigations against any person or entity that stocks or sells or decides to stock or sell either parties' product at issue in this action.

d. Notwithstanding the foregoing, nothing herein shall prevent the parties from distributing their products and competing against each other on price, quality or any other terms or attributes, and nothing herein shall prevent the parties from pursuing any

22756252v2

3

previously-existing claim against any third party related to the products or any new claim unrelated to the specific Lanham Act issues at issue in the Litigations.

4. If a party is notified by the other party, in writing, that any of the party's officers, directors, employees, or agents paid and controlled by the party are engaged in Activities, the party agrees to take commercially reasonable steps to stop the Activities, subject to the following procedures:

   a. If a party (the "Objecting Party") believes that the other party (the "Responding Party") has taken any actions inconsistent with the provisions of Paragraph 3, before taking any other action, the Objecting Party's counsel of record shall first contact the Responding Party's counsel of record, in writing, and shall detail the conduct that allegedly is inconsistent with the terms of paragraph 3 of this Order. The Responding Party shall have five (5) business days from the date of receipt of the notice to cure any alleged inconsistency in a manner sufficient and reasonable to cure the conduct at issue, it being agreed that the issuance of a retraction or correction, in the same form and prominence as the original statement, shall be a sufficient cure.

   b. If the Responding Party declines or fails to cure the alleged violation within five (5) business days, the only remedy under this Order shall be that the Objecting Party may ask the Court to terminate the stay, provided that the Objecting Party demonstrates that the Responding Party's conduct was inconsistent with the provisions of Paragraph 3.

5. A parallel stay request has been filed in both Litigations. If for any reason the Florida Court denies the request to stay, then either party may unilaterally terminate this stay.

6. If this matter is not resolved by September 15, 2008, and if the parties have not otherwise jointly requested an extension of the stay period, then on _____, 2008, the Court shall hold a status conference at _____ o'clock in Courtroom 14-B of the United States Courthouse, 500 Pearl Street, New York, New York.

7. All time periods under the Federal Rule of Civil Procedure and this Court's local rules are hereby continued for a period to and including Monday, September 15, 2008, at which time, if this stay is not extended, they will automatically resume without further Order of this Court, with all current filings, responses and deadline dates to be met within the same number of days as remaining as of the date of this Stipulation. Defendant's time to answer, move or otherwise respond to the Amended Complaint is hereby extended until September 16, 2008.

8. This Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein, or to seek relief from the Court as a result of any conduct, whether or not addressed herein, to which it would otherwise be entitled absent the entry of this Order.

Dated: New York, New York
       June 17, 2008

DEBEVOISE & PLIMPTON LLP

By _____
   David H. Bernstein
   (dhbernstein@debevoise.com)
   919 Third Avenue
   New York, New York  10022
   Tel (212) 909-6696
   Fax (212) 521-7696

Attorneys for Plaintiff

LOTT & FRIEDLAND, P.A.

By _____
   Leslie J. Lott
   (ljlott@lfiplaw.com)
   355 Alhambra Circle, Suite 1100
   Coral Gables, Florida 33114
   Tel (305) 448-7089
   Fax (305) 446-6191

Attorneys for Defendant

22756252v2

DENIED

SO ORDERED:

Date: June 18, 2008

_____
Honorable Jed S. Rakoff
United States District Judge