| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | ELECTRONICALLY FILED |

------------------------------------x

ENERGY BRANDS INC. d/b/a GLACÉAU,

              Plaintiff,

   v.

NATIONAL BEVERAGE CORP.,

              Defendant.

------------------------------------x

08 Civ. 4909 (JSR)

**DECLARATION OF VICKIE L. HILDEN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, STAY OR TRANSFER**

In accordance with 28 U.S.C. § 1746, I, Vickie L. Hilden, declare and state as follows:

1. I am an adult and a resident of Broward County, Florida.

2. My present position is Corporate Counsel with National Beverage Corp. ("NBC"). I have held various positions within the legal department since I joined NBC in 2003. My current responsibilities include management and oversight of NBC and its operating subsidiaries' intellectual property portfolio.

3. Through its various operating subsidiaries, NBC develops, manufactures and distributes soft drinks, bottled waters, juices and juice products, energy drinks and powders.

4. Through its various operating subsidiaries and independent distributors, NBC sells its products under a number of trademarks, including **ÀSANTÉ**.

5. The **ÀSANTÉ** trademark was acquired from Anheuser-Busch in the 1980s.

6. In January 2008, NBC re-launched its **ÀSANTÉ** brand as a "good for you" beverage, consisting mostly of water and enhanced with vitamins, in a line of flavors.

7. NBC's primary packaging – including its unique multi-color label - for the **ÀSANTÉ** brand enhanced beverage product is depicted below:



8. In the non-alcoholic beverage industry, the most important season for sales is the summer.

9. The summer season unofficially begins on Memorial Day, which fell on May 26 this year.

10. NBC announced the launch of **ÀSANTÉ** in the November-December 2007 issue of *Beverage Spectrum* Magazine, which is widely read and distributed in the beverage industry. Glaceau also announced new vitaminwater brand products on the next page of the same issue.

11. NBC commenced distribution of the product in January 2008 to acquire goodwill for the brand in advance of its critical first summer season.

12. NBC employs approximately 1300 persons.

13. In fiscal year 2008, NBC's total annual revenue was $566 million. This includes sales for all of its products, including those sold under the brands **SHASTA, FAYGO, RITZ, EVERFRESH, MR. PURE, LACROIX,** and **RIP IT**.

14. NBC is headquartered in Plantation, Florida, and the majority of its corporate officers and senior management personnel are located there.

15. NBC directs *all* of its operations from its headquarters in Plantation.

16. The **ÀSANTÉ** brand product is manufactured in Warren, Michigan by a wholly-owned subsidiary of NBC, Sundance Beverage Company.

17. All decisions on brand names, formulas, packaging, and other manufacturing issues relating to the **ÀSANTÉ** brand product are either made in or directed from the Plantation headquarters.

18. NBC's anticipated witnesses in the case styled *National Beverage Corp. v. Energy Brands, Inc. d/b/a Glaceau*, Case No. 08-cv-60792, S.D. Fla. (the "Florida Action") and in the above-styled action will be management personnel who reside in the Southern District of Florida.

19. The documents and evidence relating to NBC's **ÀSANTÉ** brand product are also located in Florida.

20. The **ÀSANTÉ** brand enhanced beverage product is sold only in the United States, and, to date, in a limited number of cities.

21. Of the 95,759 cases sold as of May 31, 2008, only 486 – less than one truckload – were sold in New York.

22. This represents approximately one half of one percent (.5%) of total sales.

23. The New York sales were made to an independent distributor located in the Bronx <u>not</u> owned or controlled by NBC.

24. Also as of May 31, 2008, nearly (8) times the New York amount had been sold in Florida (3,764 cases).

25. NBC does not have any offices or employees in the State of New York, is not registered to do business in New York, and does not have a registered agent in New York.

26. NBC has not participated in federal litigation in New York.

27. None of NBC's potential fact witnesses in the referenced actions are located in New York.

28. No documents or evidence relating to NBC's **ÀSANTÉ** brand product are located in New York.

29. On May 19, 2008, the week before Memorial Day and the eve of the summer soft drink season, Energy Brands, Inc. d/b/a Glaceau ("Glaceau") sent NBC a letter objecting to the **ÀSANTÉ** brand product packaging and trade dress and alleging violation of Glaceau's trade dress in its **vitaminwater** product packaging.

30. This letter was sent during the Annual Conference of the International Trademark Association (INTA), held from May 17-21, 2008, during which a very large percentage of United States trademark attorneys were in Berlin, Germany.

31. I received and examined the May 19 letter.

32. Immediately upon receipt of this letter, NBC undertook a good faith investigation to determine the merit of Glaceau's claims.

33. I promptly notified Glaceau that NBC was undertaking such investigation on May 20, 2008.

34. After examining the trade dress of Glaceau and other beverage products in the marketplace, and relevant case law, and comparing the **ÀSANTÉ** and **vitaminwater** trade dress side by side, NBC reached the conclusion that Glaceau's infringement claims were baseless.

35. Given that the May 19 letter was sent four months after NBC commenced distribution of the **ÀSANTÉ** brand product, and six months after the announcement in *Beverage Spectrum*, that the *Beverage Spectrum* cover story was about vitamin enhanced waters – Glaceau's only product – and detailed all of the many new entrants into Glaceau's market, and that the article featured NBC's **ÀSANTÉ** brand product and Glaceau's two newest **vitaminwater** flavors on successive pages, NBC believed that Glaceau *must have known* about its **ÀSANTÉ** brand product long before it sent the May 19 letter.

36. This belief was bolstered by NBC's knowledge that Glaceau had a much larger distribution system, and conclusion that the **vitaminwater** brand product was in all of the same markets as the **ÀSANTÉ** brand product.

37. Accordingly, NBC concluded that the timing of Glaceau's letter was strategic.

38. In its investigation of Glaceau's claims, NBC also considered its knowledge of the beverage industry in general.

39. NBC is aware of instances in which beverage distributors have gotten into fistfights in the aisles of retailers over placement of their products.

40. NBC itself was the subject of underhanded and anti-competitive tactics aimed at destruction of its FREEK beverage, the market for which was ultimately destroyed by such tactics.

41. NBC also researched Glaceau's previous anti-competitive attacks against other competitors over similar issues, and its connection to Coca-Cola.

42. In light of all of this information, and given the strategic timing of Glaceau's letter, NBC believed that Glaceau intended to intimidate it and its distributors and interrupt the forward momentum of its **ÀSANTÉ** brand product during its critically important first summer season.

43. NBC did not believe that Glaceau intended to file suit in the near future: rather, NBC believed Glaceau simply intended to hold the threat of potential litigation "over its head", and to intimidate potential **ÀSANTÉ** buyers and distributors in the marketplace.

44. Realizing the potential risks involved in moving forward with its plan to expand distribution of its **ÀSANTÉ** brand enhanced beverage product under threat by a far larger competitor, and not wanting to cave in to intimidation months after it had successfully

launched its new brand, NBC had three options: it could either succumb to anti-competitive pressure from the industry giant and forego the summer season, advise Glaceau that it believed its trade dress infringement claims were baseless and then wait to see if, when and where Glaceau might bring suit, or immediately seek a declaration of its rights.

45. As a business decision, there was no choice.

46. On May 23, 2008, NBC filed the Florida Action under the declaratory judgment provisions of 28 U.S.C. §§ 2201 and 2202 and under the Trademark Laws of the United States, 15 U.S.C. § 1501 *et seq.*

47. In the Florida Action, NBC seeks a declaration that its **ÀSANTÉ** brand product packaging and trade dress do not infringe, unfairly compete with or otherwise violate Glaceau's trademark and trade dress rights, if any, including under 15 U.S.C. § 1114 and 1125 or any other federal or state law.

48. After NBC filed the Florida Action, Glaceau filed the New York Action on May 28, 2008 alleging trade dress infringement under 15 U.S.C. § 1114 and 1125 and related state law causes of action.

49. On May 28, 2008, I instructed Lott & Friedland, P.A. via telephone to contact counsel for Glaceau, in part for the purpose of asking if he would accept service of the complaint in the Florida Action.

50. On June 3, 2008, Glaceau amended its complaint to add claims for infringement of its **VITAMINWATER** trademark and dilution of its trademark and trade dress.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Plantation, Florida this 7th day of August, 2008.